UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN DEMAR WINSTON, #513304,

        Petitioner,

v.                                                CASE NO. 2:11-CV-10659
                                                HONORABLE PAUL D. BORMAN

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

Michigan prisoner Steven Demar Winston ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. Petitioner was convicted of torture, MICH. COMP. LAWS §750.85, assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS §750.84, and domestic violence, MICH. COMP. LAWS §750.81(2), following a bench trial in the Wayne County Circuit Court. He was sentenced as a third habitual offender, MICH. COMP. LAWS §769.11, to concurrent terms of 15 to 40 years imprisonment on the torture conviction, 13 years 4 months to 20 years imprisonment on the assault conviction, and three months in jail on the domestic violence conviction in 2007.

In his pleadings, Petitioner raises claims concerning the validity of his jury trial waiver and the effectiveness of trial counsel. Respondent has filed an answer to the petition contending that it should be denied. For the reasons set forth, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. Facts and Procedural History

Petitioner's convictions arise from the beating of his girlfriend at their residence in Detroit, Michigan on April 22, 2007. Petitioner was charged with first-degree criminal sexual conduct, torture, assault with intent to commit great bodily harm less than murder, two counts of felonious assault, domestic violence, and malicious destruction of property.

During pre-trial proceedings, Petitioner waived his right to a jury trial and agreed to proceed with a bench trial. The following colloquy occurred:

The Court: Well, is your client interested in a waiver trial?

Mr. Cripps: I'd have to talk to him about that, Your Honor.

The Court: Because I could give you a quicker date on that on a Friday if we knew. Can you talk to him now?

Mr. Cripps: Yes.

***

(At 11:32 a.m. off the record)

(At 11:36 a.m. on the record)

2

The Court: The People v. Steven Winston. Any objection by the People for a waiver trial?

Mr. Ehlfeldt: I have no problem with it, Your Honor.

The Court: Raise your right hand please, sir. Do you swear to tell the truth, the whole truth and nothing but the truth?

The Defendant: I do.

(At 11:36 a.m. Defendant sworn)

The Court: Okay. What is your name sir?

The Defendant: Steven Winston.

The Court: And do you read, write and understand English?

The Defendant: Yes.

The Court: You understand, sir, that you do have a right to have a trial by jury, correct?

The Defendant: Yes.

The Court: And that you have a right to have twelve people from the community hear the evidence and decide whether you're guilty or not guilty, right?

The Defendant: Yes.

The Court: It's my understanding that you wish to waive your right to have a jury trial and proceed with a bench trial, where I will be deciding whether you are guilty or not guilty instead of a jury, right?

The Defendant: Yes.

The Court: And is that what you want to happen?

The Defendant: Yes.

> The Court: Are you making this objection – I mean, are you making this voluntarily of your own free will without any threats or promises?
>
> The Defendant: Yes.
>
> The Court: And you have signed the waiver of trial by jury form. I find that the waiver of jury is made knowingly and voluntarily, and we will proceed with a waiver trial.

Final Conf. Tr., 7/13/2007, pp. 12-14.

Petitioner subsequently wrote a letter to the trial court and spoke with trial counsel indicating that he changed his mind and wished to withdraw his jury trial waiver. The trial court held a hearing, found that Petitioner's waiver was knowing and voluntary, and denied the request. Hrg. Tr., 7/30/07, pp. 3-4. The case proceeded to trial.

The Michigan Court of Appeals described the facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's convictions arose from an incident at a home shared by defendant and the victim, who had lived together in a boyfriend-girlfriend relationship for three years. While in bed on April 22, 2007, the victim woke up and found defendant standing over her. Defendant hit the victim with an open hand and with a table leg that had been broken off an end table. He forced the victim to perform oral sex on him and used a butcher knife to cut her hair. He also had the victim cut her fingernails and toenails with a pair of nail clippers. Defendant told the victim that she needed to repent for her sins and called her derogatory names. The victim estimated that defendant's abuse lasted for over four hours. After the victim went to work in the morning, she was taken by ambulance to a hospital for treatment. She made a police report later in the day while at a relative's house.

> Defendant presented an insanity defense, but also challenged the victim's credibility and claimed that she gave an exaggerated account of the incident. The trial court found that defendant tortured and assaulted the victim but, upon considering the victim's failure to report that she was forced to perform oral sex to the police or anyone else, determined that the prosecutor failed to prove an additional charge of first-degree criminal sexual conduct beyond a reasonable doubt.

*People v. Winston*, No. 283055, 2009 WL 1441738, *1 (Mich. Ct. App. May 21, 2009) (unpublished).[1]

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the validity of his jury trial waiver, the trial court's findings regarding his insanity defense, and the scoring of his sentencing guidelines. While his appeal was pending, Petitioner filed a motion to remand to develop a claim that defense counsel was ineffective for promising him that he would get only one year in prison if he agreed to a bench trial. The court denied the motion to remand in a standard order. The court subsequently affirmed Petitioner's convictions, but amended the judgment of sentence to correct a sentencing error. *Id.* Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Winston*, 485 Mich. 971, 774 N.W.2d 695 (2009).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I. He was denied his constitutional right to a jury trial by the trial court's clearly erroneous denial of the motion to withdraw the waiver of jury trial.

---

[1]The trial court also found Petitioner not guilty of two counts of felonious assault and one count of malicious destruction of property.

> II. He was denied his constitutional right to effective assistance of trial counsel by counsel's false guarantee of a one-year sentence in the event of a waiver trial.

Respondent has filed an answer to the petition contending that it should be denied because both claims lack merit and the ineffective assistance of counsel claim was not properly exhausted in the state courts.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this case because Petitioner filed his petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state

7

court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme

8

Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV. Discussion

### A. Exhaustion

As an initial matter, Respondent contends that the petition should be dismissed because Petitioner has failed to properly exhaust his ineffectiveness of trial counsel claim in the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to

resolve any constitutional issues by invoking one complete round of the State's established appellate review process); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

      Even assuming that Petitioner has not properly exhausted his ineffective assistance of counsel claim in the state courts, the Court declines to dismiss the petition on such a basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). For example, an unexhausted claim may be addressed if pursuit of state court remedies would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not

offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice would be best served by adjudicating Petitioner's claims because further exhaustion in the state courts is likely to be futile and because the claims lack merit and may be denied despite any lack of exhaustion. The Court will proceed to address the merits of Petitioner's claims.

B. <u>Jury Trial Waiver</u>

Petitioner asserts that he is entitled to habeas relief because the trial court erred in denying his request to withdraw his jury trial waiver. Respondent contends that this claim lacks merit and does not warrant habeas relief.

The right to a jury is fundamental. *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968). The waiver of a constitutional right must be voluntary, knowing, and intelligent. *Brady v. United States*, 397 U.S. 742, 748 (1970). "Whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 278 (1942). A defendant may waive the right to a jury trial if four elements are met: (1) the waiver must be in writing; (2) the government must consent to the waiver; (3) the trial court must consent to the waiver; and (4) the defendant's waiver must be voluntary, knowing, and intelligent. *United States v. Martin*, 704 F.2d 267, 271 (6th Cir. 1983). A petitioner bears the burden of proving that his jury trial waiver was

11

not knowing, voluntary, or intelligent. *Sowell v. Bradshaw*, 372 F.3d 821, 832 (6th Cir. 2004). Although an on-the-record colloquy with the court is advisable, it is not constitutionally required. *Id.* at 832 n. 5.

In this case, the Michigan Court of Appeals concluded that Petitioner's jury trial waiver was valid. The court explained:

> On appeal, defendant argues that the trial court's denial of his motion to withdraw his previous jury waiver denied him his constitutional right to a jury trial. We disagree. We review a trial court's denial of a motion to withdraw a jury waiver for an abuse of discretion. *Wagner, supra* at 559, 320 N.W.2d 251. An abuse of discretion occurs when a trial court chooses an outcome falling outside the range of reasonable and principled outcomes. *People v. Babcock*, 469 Mich. 247, 269, 666 N.W.2d 231 (2003); *People v. Yost*, 278 Mich. App. 341, 353, 749 N.W.2d 753 (2008).
>
> A valid waiver of the constitutional guarantee of the right to a jury trial requires a voluntary, knowing, and intelligent waiver. *People v. Mosly*, 259 Mich. App. 90, 95-96, 672 N.W.2d 897 (2003). A trial court's compliance with MCR 6.402(B) creates a presumption of a valid waiver. *Id.* at 96, 672 N.W.2d 897. The rule requires that before accepting a jury waiver, a trial court must advise the defendant of the right and "ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court." *See People v. Leonard*, 224 Mich. App. 569, 595, 569 N.W.2d 663 (1997). Pursuant to MCL 763.3, the prosecutor's consent and the court's approval are also required for a defendant to be tried by the court without a jury. *See People v. Kirby*, 440 Mich. 485, 495, 487 N.W.2d 404 (1992) (consent requirements are proper legislative determinations); *see also* MCR 6.401.
>
> Once the right to a jury trial is validly waived, a defendant has no constitutional right to withdraw the waiver. *State v. Morton*, 648 S.W.2d 642, 643 (Mo. App., 1983); *Sharpe v. State*, 174 Ind. App. 652, 658, 369 N.E.2d 683 (1977). Rather, whether the waiver may be withdrawn is within the discretion of the trial court. *People v. Wagner*, 114 Mich. App. 541, 558-559, 320 N.W.2d 251 (1982); *Woodson v. State*, 501 N.E.2d 409

(Ind. 1986); *Morton, supra* at 643. "Because of a public policy favoring the orderly process of the administration of justice there are restrictions placed on the withdrawal of such waiver of jury before trial." *People v. Serr*, 73 Mich. App. 19, 29, 250 N.W.2d 535 (1976).

The record does not support defendant's argument that the trial court denied his motion solely because of its prior reliance on the waiver to reschedule the trial date. To the contrary, as defendant acknowledges, after denying the motion, the trial court proceeded to again reschedule the trial in order to afford defense counsel an opportunity to investigate whether defendant could establish a defense based on lack of criminal responsibility. It is apparent that the trial court also considered defendant's letter expressing his desire to keep his original choice of a jury trial, the prosecutor's position that he was still amenable to a bench trial, and the waiver proceeding itself at which the court found that defendant knowingly and voluntary waived his right to a jury trial. According to the record of the waiver proceeding, defendant had an opportunity to speak with defense counsel before placing his oral waiver on the record and executing the written waiver form. The trial court advised defendant of his right to have a jury decide the case and ascertained, from direct questioning of defendant, that he was not threatened or promised anything for waiving his right to a jury trial.

Considering that the prosecutor was still amenable to a bench trial and defendant's failure to show any cause for withdrawing the waiver other than a change of heart, the trial court's decision does not fall outside the range of reasonable and principled outcomes. Therefore, the trial court did not abuse its discretion in denying the motion.

*Winston*, 2009 WL 1441738 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[2] First, to the extent that Petitioner alleges a violation of the state law or procedure, he is not entitled to relief. A federal court may only grant habeas relief to a person who is "in custody in violation of the

---

[2]The Court notes that it would reach the same result under a *de novo* standard of review.

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Trial court errors in the application of state law or procedure are not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Furthermore, a trial court's abuse of discretion generally is not a basis for habeas corpus relief. *See Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995) (finding no authority for the proposition that, when a state court abuses its discretion in denying a defendant's motion to withdraw a waiver of jury trial, the result violates the United States Constitution). Petitioner is not entitled to federal habeas relief on any perceived error of state law.

Second, Petitioner has failed to establish a violation of his federal constitutional rights. A review of the record confirms that Petitioner's jury trial waiver was valid. Petitioner consulted with defense counsel prior to waiving his right to a jury trial and executed a written waiver of his jury trial right. At a pre-trial hearing, the trial court discussed Petitioner's decision. Petitioner acknowledged that he had a right to a jury trial and understood that right, confirmed that he wanted to waive his right to a jury trial and proceed with a bench trial, and indicated that he was doing so of his own free will and had not been coerced or promised anything in return. On the basis of this record, the Court finds that Petitioner has failed to show that his waiver was improper or that trial counsel coerced him into agreeing to proceed with a bench trial. Habeas relief is not warranted on this claim.

C.  Effectiveness of Trial Counsel

Petitioner relatedly asserts that he is entitled to habeas relief because trial counsel was ineffective for promising him that he would be sentenced to one year in prison if he waived his right to a jury trial and proceeded with a bench trial. Respondent contends that this claim lacks merit and does not warrant habeas relief.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id.* at 788.

Petitioner has not shown that trial counsel was ineffective.[3] His claim that counsel promised him that he would only be sentenced to one year in prison if he waived his right to a jury trial and agreed to a bench trial is belied by the record. Petitioner,

---

[3]The Court reaches this conclusion under either a deferential or a *de novo* standard of review.

16

under oath, indicated that he was voluntarily waiving his right to a jury trial and that he had not been threatened or promised anything in exchange for his waiver. Petitioner's self-serving affidavit, executed more than a year after trial while his case was on appeal, conflicts with his sworn statements and is simply not credible. There is no evidence that trial counsel coerced Petitioner into accepting a bench trial. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us.

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Moreover, Petitioner's claim flies in the face of reason. Trial counsel was a seasoned attorney who would not conceivably make such a promise to Petitioner given the severity of the criminal charges against him and the fact that he was subject to sentencing as a third habitual offender. Lastly, trial counsel's advice to proceed with a bench trial was reasonable given the nature of the charges and the anticipated evidence against Petitioner. To be sure, the trial judge acquitted Petitioner of one of the most serious charges, first-degree criminal sexual conduct, as well as lesser charges of felonious assault and malicious destruction of

property. Given such circumstances, it cannot be said that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and the petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 4/30/2013